In the Matter of ANDREWS BRUCE CAMPBELL, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 17, 1989

### APPEARANCES OF COUNSEL

*Rosemary F. Palladino* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Andrews Bruce Campbell,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent Andrews Bruce Campbell was admitted to practice as an attorney and counselor-at-law on March 31, 1969 in the First Judicial Department. On August 21, 1987, respondent was found guilty, following a jury trial conducted in the United States District Court for the District of Maine, of two Federal felonies, consisting of one count of conspiracy to possess marihuana with intent to distribute in violation of 21 USC § 841 (a) (1); (b) (1) (D); § 846, and 18 USC § 2 and one count of possession of marihuana with intent to distribute in violation of 21 USC § 841 (a) (1); (b) (1) (D), and 18 USC § 2. He was subsequently sentenced to a one-year term of imprisonment and a $5,000 fine on count one to run concurrently with a one-year term of imprisonment and a special parole term of three years on count two. In addition, a $50 felony assessment was imposed on each count for a total of $100.

Pursuant to an order entered on June 23, 1988, this court suspended respondent from the practice of law based upon his conviction of a "serious crime" and ordered him to show cause within 30 days of why a final order of suspension, censure or removal from office should not be made. Thereafter, by notice of motion dated July 10, 1988, respondent requested an enlargement of time to respond, asserting that he had a meritorious appeal and that this court should hold in abeyance any sanction pending resolution of that appeal. An enlargement of time was granted by order of this court entered on January 3, 1989. In that regard, respondent was accorded another 30 days to show cause why a final order of discipline should not be imposed against him.

On January 19, 1989, the Departmental Disciplinary Committee received a document from respondent entitled "Verified Response to Order to Show Cause". On February 10, 1989, the Committee received respondent's purported "Motion for Hearing to Show Cause". Respondent's papers appear to contain a demand for a hearing at which he will be able to introduce evidence in explanation or mitigation of his conviction. Since Judiciary Law § 90 (4) (h) provides that an attorney convicted

of a "serious crime" is entitled to a hearing on request, the matter should appropriately be referred to the Departmental Disciplinary Committee for that purpose. However, insofar as respondent seeks to have any final imposition of sanction held in abeyance pending determination of his appeal, that portion of his motion is denied. Not only has this court already twice rejected the same request but the rules of the Appellate Divisions, First Department, specifically state that "[t]he pendency of an appeal shall not be grounds for delaying any action * * * unless * * * this court or the Departmental Disciplinary Committee finds there are compelling reasons justifying a delay." (22 NYCRR 603.12 [e].) There are no compelling reasons here to support a delay. Finally, with respect to respondent's request for assigned counsel, that part of his motion is also denied. Not only has respondent failed to submit an affidavit of indigency, but, in the absence of specific statutory authorization for the assignment of counsel in disciplinary proceedings, only the most extraordinary circumstances warrant the appointment of an attorney. Respondent has not demonstrated the existence of any such extraordinary circumstances.

Accordingly, respondent's motion is granted only to the extent that the matter is remanded for a hearing pursuant to Judiciary Law § 90 (4) (h) and denied in all other respects. Respondent's suspension is continued pending further order of this court.

KUPFERMAN, J. P., SULLIVAN, MILONAS, ROSENBERGER and SMITH, JJ., concur.

Motion granted only insofar as to remand this matter to the Departmental Disciplinary Committee for a hearing pursuant to Judiciary Law § 90 (4) (h) and denied in all other respects; respondent's application to have any final imposition of sanction held in abeyance pending determination of his appeal is denied; and respondent's suspension is continued pending further order of this court.